980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Romey KERR, Petitioner-Appellant,
v.
Robert BORG, Warden, Respondent-Appellee.
 No. 91-55507.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 30, 1992.
 
 Before BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A. Because "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law," Pulley v. Harris, 465 U.S. 37, 41 (1984), we determine only whether the state court's joinder of appellant's offenses violated his federal constitutional rights. Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990). "Improper joinder does not, in itself, violate the Constitution. Rather, misjoinder ... rise[s] to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his ... right to a fair trial." United States v. Lane, 474 U.S. 438, 446 n. 8 (1986).
 
 
 3
 Nothing in the record persuades us that joinder of Kerr's claims resulted in prejudice that rendered his trial unfair. Because the evidence introduced to prove the murder charge would have been admissible to prove the other charges (and vice versa) even had the trials been severed, petitioner wasn't prejudiced by the joinder. United States v. Disla, 805 F.2d 1340, 1353 (9th Cir.1986); United States v. Irvine, 756 F.2d 708, 712 (9th Cir.1985). See also Cal.Evid.Code § 1101(b) (prior acts admissible to show, in this case, motive, intent and identity).[1]
 
 
 4
 B. Kerr's double jeopardy claim fails because, as the California appellate court held, the kidnapping and false imprisonment were proven on different facts. See Return to Petition for Writ of Habeas Corpus, CR 4 exh. A at 18. The crime of kidnapping was complete as soon as "petitioner took the victim at gunpoint from his home and transported him to another location." Magistrate's Findings, CR 8 at 3. The crime of false imprisonment did not occur until "upon arrival at a new location, petitioner tied the [victim's] hands, placed him in a bathtub, tied his feet, and kept him in the tub while he burned him with hot water, hit him, and set his hair on fire." Id. Because Kerr was convicted of performing two different acts, each of them criminal--rather than engaging in a single criminal course of conduct--he may be punished separately for each act. See Blockburger v. United States, 284 U.S. 299, 302 (1932).
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is also relevant (though not conclusive) that the state complied with its own severance rules. Joinder was valid under California law because murder and kidnapping are both "assaultive crimes against the person," and may therefore be joined under Cal.Penal Code § 954. People v. Lucky, 45 Cal.3d 259, 276, 247 Cal.Rptr. 1, 10 (1988), cert. denied sub nom. Lucky v. California, 488 U.S. 1034 (1989)